## No. 10,351.

### LIPPERT *v*. WRIGHT.

Decided June 5, 1922.

Action to set aside certificate of purchase and sheriff's deed, and for decree of title in plaintiff. Judgment of dismissal.

*Reversed.*

### On Application for Supersedeas.

1. RIGHTS AND REMEDIES—*Real Property—Cause of Action.* Where a party can only assert an equitable title to real property, though his interest may be full and complete, he may, though out of possession, have his equitable remedy, and may unite with it any appropriate cause of action through which he may secure full and adequate relief.

2. PLEADING—*Demurrer.* Allegations of a complaint in an action to set aside a certificate of purchase and sheriff's deed and for a decree of title in plaintiff, reviewed, and held not subject to a demurrer on the grounds of improper joinder of parties defendant and want of facts.

*Error to the District Court of Delta County, Hon. Straud M. Logan, Judge.*

Mr. C. E. BLAINE, Mr. W. H. BURNETT, for plaintiff in error.

Mr. HENRY J. BAIRD, Messrs. FAIRLAMB & HOTCHKISS, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff below and to review a judgment entered on demurrer to his amended complaint dismissing the action as to Ella Wright he sues out this writ and asks the issuance of a supersedeas. The other defendants below were Charles A. Wright and The Kansas City Life Insurance Company.

One Duvall owned two tracts of real estate, which for convenience we refer to as "A" and "B," subject to a mortgage of $4500.00 to Pearson. Duvall sold "A" to plaintiff and warranted against encumbrances. More than a year later he sold "B" to Charles A. Wright (husband of Ella Wright) who assumed and agreed to pay the whole mortgage. Failing therein Pearson foreclosed on both tracts and after expiration of the redemption period sold the certificates to Ella Wright. The latter took a sheriff's deed and gave a mortgage on "A" and "B" for $4500.00 to the Kansas City Life Insurance Company. In addition to the foregoing the amended complaint alleges that the default of Charles A. Wright was in pursuance of a conspiracy between him and his wife to enable them to secure the property and defeat his contract to pay the Pearson mortgage; that Ella Wright's purchase of the sheriff's certificate was made with the funds of Charles A. Wright and the title procured by her through the sheriff's deed was for the joint use and benefit of the Wrights and in fraud of the plaintiff. It further alleges the wrongful possession of "A" by Wright and his wife for two years and the removal of certain buildings therefrom; that the value of said tract is $3500.00, the amount due on the Pearson mortgage at the time of sale $5744.00; and the insolvency of Charles A.

Wright. No attack is made upon the good faith of Pearson or the Kansas City Life Insurance Company. The prayer is for $800.00 for the use of "A," $1000.00 for the removal of buildings therefrom, cancellation of the certificate of purchase and sheriff's deed, that the title be decreed in plaintiff, that the Kansas City Life Insurance Company be directed to first resort to "B" to satisfy the lien of its mortgage, and if it be necessary to sell "A" thereunder, for an additional judgment against Wright and his wife accordingly.

Other pleadings were filed and proceedings had not now necessary to notice. The demurrer upon which judgment was entered was for improper joinder of parties defendant and want of facts.

BURKE, J., after stating the facts as above.

Counsel for defendant insists that plaintiff's cause of action is one for damages against Charles A. Wright and that defendant's title can only be attacked after judgment against her husband. The position is untenable. If Charles A. Wright acted in good faith and discharged his obligations plaintiff had title to "A" free of encumbrance. Doubtless he might have elected to waive the right thereto and sue for damages. But he did not do so. He seeks here to recover his lost title, not a money judgment in lieu thereof. The sale was legal, and the sheriff's deed valid. The question is: For whom does defendant hold? If she conspired as alleged and bought with her husband's money she does not hold for herself. Charles A. Wright could not by an act of bad faith take from plaintiff the title he had bound himself to protect. Hence defendant does not hold for him but for plaintiff.

If Charles A. Wright had, for the purpose of obtaining "A" under the Pearson foreclosure and contrary to his contract to protect against it, defaulted in the payment of that indebtedness and bought at the sale, it is perfectly apparent that he would hold the legal title under sheriff's deed in trust for plaintiff and equity would compel him to

execute that trust by transferring free of encumbrance.

"Where a party can only assert an equitable title to real property, though his interest may be full and complete,—as where there is some trust to be declared, or legal title to be extinguished, some instrument not void on its face to be cancelled or corrected, or other obstacle to be removed before his rights can be made manifest,—he may, though out of possession, under a system of procedure like ours, have his equitable remedy, and may unite with it any appropriate cause of action through which he may secure the full and adequate relief to which he may be entitled." *Stockgrowers' Bank v. Newton,* 13 Colo. 245, 249, 22 Pac. 444, 445.

If husband and wife conspired for the same purpose and she bought with his money she stands in his shoes and must discharge his obligation.

For the foregoing reasons defendant was a proper party, a cause of action was stated against her and her demurrer should have been overruled. The judgment is accordingly reversed and the cause remanded for further proceedings in conformity herewith.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.